UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIMBERLY SOLES,

       Plaintiff,
v.                                                                   Civil Action No._____

BASIL LEASE CORP., and
JOHN DOE CORPORATION,

       Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  PRELIMINARY STATEMENT

1. This is an action for damages arising out of the wrongful repossession of Plaintiff's automobile by Defendants.  Plaintiff asserts claims against Basil Lease Corp. under the New York Uniform Commercial Code, New York General Business Law §349, and the common law of the State of New York for wrongful repossession and conversion.  Plaintiff asserts a claim against John Doe Corporation for their violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.1692, et seq.

### II.  PARTIES

2. Plaintiff Kimberly Sole is a natural person residing in the City of Buffalo, County of Erie, and State of New York.

3. Defendant Basil Lease Corp., Inc. ("Basil") is a company duly organized, chartered and existing under and by virtue of the laws of the State of New York.

4. Basil hired a company to repossess Plaintiff's automobile.  The name of that company is not known at this time.  Plaintiff has therefore named the repossession company as "John Doe Corporation."  Upon discovery of the name of the repossession company, Plaintiff will amend the name of John Doe Corporation to the actual name of the repossession company.

5. Upon information and belief, John Doe Corporation is a domestic corporation organized and doing business in the State of New York.

1

### III.  JURISDICTION AND VENUE

6.   Jurisdiction of this Court over Plaintiffs federal FDCPA claims against John Doe Corporation is conferred upon Defendant by 28 U.S.C.§ 1331.

7.   Plaintiff's claims against Basil are so related to his claims against John Doe Corporation that they form part of the same case or controversy under Article III of the United States Constitution.  Accordingly, this Court has jurisdiction over Plaintiff's state law claims against BASIL pursuant to 28 U.S.C.§ 1367(a).

9. That a substantial part of the events and omissions that give rise to this action occurred within this judicial district.  In addition, the Defendants have sufficient contacts within this district to subject it to the personal jurisdiction of this Court. As such, venue is properly laid in this district pursuant to 28 U.S.C. §1391.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff entered into a retail installment agreement with Basil Lease Corp. to purchase a 2012 Honda CRV. (hereinafter referred to as "the vehicle").

11. That Plaintiff's obligation under the retail installment agreement arose out of a transaction in which money, services or property, and the subject of the transaction was primarily for personal, family and/or household purposes.  As such, said obligation is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. In or about January 22, 2021 at approximately 9:00 pm, Defendant John Doe showed up at Plaintiff's residence looking for the vehicle. The vehicle was parked in Plaintiff's driveway but it was blocked in by another vehicle. Defendant John Doe approached Plaintiff's neighbor posing as Plaintiff's friend and asked the neighbor if he knew if Plaintiff was home. Plaintiff's neighbor told the Defendant John Doe that Plaintiff was not home and he proceeded to leave his residence.

13. Sometime thereafter, Defendant John Doe proceeded to enter the property of Plaintiff's neighbor without permission.

14. That there is a wooden fence separating the Plaintiff's residence and her adjacent neighbor's residence.

15. That the Defendant John Doe smashed through two sections of Plaintiff's fence to access Plaintiff driveway to retrieve the vehicle.

16. That the Defendant John Doe scratched and damaged the Plaintiff's vehicle upon exiting it from Plaintiff's driveway across the open section of fence and out the Plaintiff's neighbor's property.

17. That thereafter the repossession, Plaintiff contacted Basile to inquire about the identity of the repossession agent and Basile stated that it was a person named "Ron" who works for Basile.

18. All of the above has caused Plaintiff to become upset, anxious, and to suffer from emotional distress.

19. That as a result of Defendant's actions as described herein, Plaintiff incurred significant pecuniary loss, including but not limited to repossession costs, ride share expenses, and other expenses she has been paying for since her vehicle was wrongfully repossessed.

20. That Basil is vicariously liable for all of the acts of Defendant John Doe Corporation alleged in this complaint pursuant to the doctrine of respondent superior.

21. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

22. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

23. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

24. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

25. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

**V.   CAUSE OF ACTION AGAINST JOHN DOE CORPORATION UNDER FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C.§1692 et seq.)**

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

21. The conduct of Defendant John Doe Corporation as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

22. Defendant John Doe Corporation violated 15 U.S.C. §1692f(6) by trespassing on Plaintiff's neighbor's property and smashing through two sections of the Plaintiff's fence wherein Defendant John Doe Corporation scratched and damaged the Plaintiff's vehicle as it was towed across the Plaintiff's neighbor's property.

23. That as a result of the Defendant John Doe Corporation's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

24. That Defendant Basil Resale is vicariously liable for the tortious acts of Defendant John Doe Corporation described herein pursuant to the laws of agency and section 9–503 of the Uniform Commercial Code.

## VI. CAUSES OF ACTION AGAINST BASIL RESALE DELAWARE, INC.

### Count I

### New York General Business Law §349 Claim

25. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

26. The Defendants' actions described of herein, false, deceptive and misleading in that they stated to the Plaintiff that the John Doe Corporation was an employee of Basile in order to shield the Defendant John Doe Corporation from incurring any legal liability for its illegal repossession tactics taken on behalf of Basile.

27. Upon information and belief, Basil employed internal policies and procedures whereby they would utilize Defendant John Doe Corporation to illegally repossess automobiles which they held a security interest in and also fail to provide borrowers with an accurate notice of their right to redemption rights as required under New York General Obligations Law §7-401 and New York Personal Property Law §316.

28. That due to the deceptive and misleading nature of Basile's actions directed towards Plaintiff, including their internal policies described herein, they have violated New York General Business Law §349.

29. Basil's actions complained of herein was committed in the conduct of business, trade, commerce or the furnishing of service in this state and constituted a violation of NY GBL §349 independent of whether it also constituted a violation of any other law.

4

30. Basile's actions complained of herein, including their underlying policies that led to their actions, were consumer-oriented, involved deceptive acts and representations that have a broad impact upon the consuming public at large.

31. Plaintiff is entitled to statutory damages actual damages, and attorneys' fees and disbursements as a result of Defendants' violation of General Obligations Law §349.

## Count II

### Common Law Conversion Claim and Wrongful Repossession

32. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

33. At the time Basil Resale repossessed the 2012 Honda CRV, Plaintiff had a possessory right or interest in said vehicle.

34. When they repossessed the 2012 Honda CRV, Basil exercised dominion and control over said vehicle in derogation of Plaintiff's ownership and possessory rights therein, and without her consent, or the consent of the owner of the premises from which the vehicle was repossessed from.

35. Basil Resale refused to return the 2012 Honda CRV without condition of payment despite Plaintiff's demand that they do so.

36. By reason of the foregoing, Basil Resale is liable in tort for conversion.

37. Basil's tortious conversion of Plaintiff's interest in the 2021 Honda CRV was accomplished by malice or reckless or willful disregard of the Plaintiff's rights in so far as the vehicle was taken off Plaintiff's property by trespass as well as damaging Plaintiff's property to remove the vehicle.

38. That as a result of the Defendant's conduct described in this complaint, Plaintiff became nervous, anxious, upset, and suffered from emotional distress.

39. That as a result of the Defendants conduct described in this complaint, Plaintiff suffered actual damages, as described in detail elsewhere in this complaint.

**WHEREFORE**, Plaintiffs respectfully requests the following relief:

1. Plaintiff requests judgment against Defendant John Doe Corporation for:

    (a) Actual damages;

    (b) Statutory damages pursuant to 15 U.S.C. §1692k;

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

2. Plaintiff requests judgment against Defendant Basil for:

(a) Actual, compensatory, consequential, and incidental damages under the New York Uniform Commercial Code, New York General Business Law §349, and the common law of the State of New York;

(b) Statutory damages under the New York General Business Law §349;

(c) The costs and disbursements of this action;

(d) Reasonable attorneys' fees pursuant to New York General Obligations Law §5-327(2) and New York General Business Law §349;

(e) Punitive damages for Basil's tortious conversion and wrongful repossession of Plaintiff's possessory interest in the 2012 Honda Crv;

(f) Such other and further relief as this Court may deem just and equitable.

PLAINTIFFS DEMAND A JURY TRIAL ON ALL COUNTS AND ALL CAUSES OF ACTION.

Dated: March 8, 2021

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com